IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEVIN TAYLOR,** | * | |
| | * | |
| *Plaintiff,* | | |
| v. | * | Civil Case No: 1:22-cv-03366-JMC |
| **WAL-MART STORES EAST, LP,** | | |
| | * | |
| *Defendant.* | | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Kevin Taylor, filed the present negligence action on December 30, 2022, against Defendant, Wal-Mart Stores East, LP ("Walmart" or "Defendant"), based on a slip and fall accident. (ECF No. 3). Presently before the Court is Defendant's Motion for Summary Judgment ("the Motion") arguing for dismissal of Plaintiff's claim as a matter of law. (ECF No. 25). The Court has considered the Motion, Plaintiff's Opposition (ECF No. 28), and Defendant's Reply (ECF No. 29). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Defendant's Motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff went to the Frederick, Maryland Walmart location on July 3, 2021, to shop for a spare tire in advance of his Fourth of July festivities. (ECF No. 25-1 at p. 1).[1] Plaintiff parked outside of the Auto Care Center at that location and proceeded inside the store. *Id.* However,

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

Plaintiff slipped and fell to the ground immediately upon opening the door to the Auto Care Center and attempting to set foot on a rubber doormat that was pressed up against the door in the entryway of the building. *Id.* At the time of his fall, Plaintiff did not realize that he tripped over the rubber mat but did observe the mat afterward. (ECF No. 28 at p. 1). Plaintiff did not notice any defects with the rubber mat at the time and declined to file an incident report that day. (ECF No. 25-1 at p. 3). Plaintiff then returned to Walmart on July 8, 2021, to file such a report shortly after his hospital visit resulting from the fall. *Id.* The rubber mat appeared to be in the same location as when Plaintiff fell on July 3, 2021. *Id.* at p. 4.

Defendant now seeks summary judgment against Plaintiff on his negligence claim. Specifically, Defendant argues that there is "no evidence in this case whatsoever to suggest that the Defendant created the negligent condition, nor is there any evidence to support a contention that the Defendant knew of the alleged dangerous condition prior to the time that this accident occurred." *Id.* at p. 6. For the reasons that follow, the Court disagrees.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"

*Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

### III.   DISCUSSION

Defendant argues that summary judgment is appropriate in its favor because Plaintiff cannot, as a matter of law, make out a prima facie negligence case. (ECF No. 23-1 at p. 4). "A properly pleaded claim of negligence includes four elements . . . (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218 (2005);[2] *see also Chamberlain v. Denny's Inc.*, 166 F. Supp. 2d 1064, 1068 (D. Md. 2001) ("Under Maryland law, negligence is doing something that a person using ordinary care would not do or not do something that a person using ordinary care would do."). "It is further well-established in

---

[2] "Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit." *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022). Regarding tort claims under Maryland's choice of law rules, "the substantive tort law of the state where the wrong occurs governs." *Haunch v. Connor*, 295 Md. 120, 123 (1983). Accordingly, Maryland law governs the case *sub judice* because the material events giving rise to Plaintiff's cause of action for negligence occurred in Maryland.

Maryland that in 'slip and fall' cases, the duty of care owed by an owner or occupier of the premises is determined by the owner's legal relationship to the person entering the premises." *Durm v. Walmart, Inc.*, No. CV ADC-20-2809, 2021 WL 3930709, at *3 (D. Md. Sept. 2, 2021) (quoting *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010) (per curiam)). A business invitee is "a person 'on the property [of another] for a purpose related to the possessor's business.'" *Rehn v. Westfield Am.*, 153 Md. App. 586, 592 (2003) (quoting *Rivas v. Oxon Hill Joint Venture*, 130 Md. App. 101, 109 (2000), *cert. denied*, 358 Md. 610 (2000)). "The highest duty is owed to a business invitee," and thus, "Storekeepers owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition." *Chamberlain*, 166 F. Supp. 2d at 1068.

Nevertheless, "Storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). "A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care." *Chamberlain*, 166 F. Supp. 2d at 1068. With these principles in mind, a storekeeper "is liable for injuries sustained by business invitees where the store owner: (1) has actual or constructive notice of the hazardous condition; (2) should have anticipated that the customer would not discover the condition or would fail to protect herself against it; and (3) failed to take reasonable steps to make the premises safe or give adequate warning of the condition." *Sinnott v. Wal-Mart, Inc.*, No. CIV. A. AMD 99-2494, 2000 WL 33281683, at *2 (D. Md. July 14, 2000), *aff'd*, 3 F. App'x 128 (4th Cir. 2001).

Here, Defendant argues that summary judgment is appropriate because there exists no genuine dispute of material fact that Plaintiff cannot satisfy element (1), namely, that Plaintiff

4

cannot demonstrate actual or constructive notice of the alleged dangerous condition. (ECF No. 25-1 at p. 6). Defendant's argument regarding actual notice consists of several block quotes followed by the contention that, based on those block quotes, "there is no evidence in this case as to how [the rubber mat] got there . . . ." *Id.* at p. 9. Regarding constructive notice, Defendant posits that Plaintiff has failed to set forth "how long [the rubber mat] remained on the floor prior to the time this incident occurred." *Id.* In so arguing, Defendant relies on the vast amount of case law in Maryland setting forth the requirement that a Plaintiff produce "time on the floor evidence" indicating how long the allegedly dangerous condition was present. *See, e.g.*, *McCoy v. Target Corp.*, No. GLR-14-3437, 2016 WL 827962, at *2 (D. Md. Mar. 3, 2016) ("To prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred . . . ."). "Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury." *Maans v. Giant of Md, L.L.C.*, 161 Md. App. 620, 640 (2005). However, Defendant's reliance on the "time on the floor evidence" rule is misplaced.

"Maryland case law generally encompasses two basic categories of constructive notice in slip and fall cases: (1) slip and falls on 'foreign substances,' and (2) slip and falls on conditions created directly by the store owner." *Sinnott*, 2000 WL 33281683 at *2; *see also Altice v. AMF Bowling Ctrs.*, No. CV DKC 2006-0949, 2007 WL 9782549, at *3 (D. Md. Apr. 13, 2007) ("[T]here is a distinction to be made between those cases which occur as a result of some overt action by the owner or his employees . . . and those which for convenience have been designated as *foreign object* . . . type of cases.") (citing *Keene v. Arlan's Dep't Store of Balt., Inc.*, 35 Md. App. 250, 255 (1977)). "In foreign substance cases, courts have been reluctant to conclude that

5

the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer." *Id.* However, "notice, actual or constructive, is usually not an issue" in cases where the hazardous condition was created by a defendant "because the owner or his employees are alleged to have created the dangerous condition." *Id.*; *see also Cheskis v. Safeway, Inc.*, No. DLB-19-1734, 2021 WL 3852295, at *6 (D. Md. Aug. 27, 2021) ("Where the incident allegedly occurred because of an owner or employer's action, notice is usually not an issue since the owner or his employees are alleged to have created the dangerous condition.").

Here, Plaintiff alleges that Defendant created the allegedly hazardous condition by placing the rubber mat that injured Plaintiff. The Court finds that Plaintiff has produced sufficient evidence to support this contention. When asked if the rubber mat was adjacent to the Auto Care Center door frame during his deposition, Stephen Aborney, a tire technician employed by Defendant in the Auto Care Center, answered "No. It should be out." (ECF No. 28-3 at p. 4). Regardless of whether this refers to the rubber mat being outside of the door or away from the door frame, Aborney's statement as to where the rubber mat "should" be placed raises the inference that, at a bare minimum, Defendant's employees knew of the rubber mat prior to Plaintiff's fall and acceded to its presence, even if they did not place the rubber mat themselves. In fact, this evidence likely indicates that Defendant had *actual* notice of the rubber mat even if Defendant did not place the mat itself. That said, given Aborney's statements confirming his knowledge of the mat and his opinion about the correct location of the mat, it is certainly reasonable for a jury to conclude that the rubber mat was placed by Defendant rather than a customer donating such a mat for the entrance to Defendant's Auto Care Center. *See Cheskis*, 2021 WL 3852295 at *6 (denying motion for summary judgment where "there [was] no evidence that anyone other than [the defendant]

6

created the floor conditions that caused the fall"). Additionally, both Aborney and Victoria De Jesus, the "digital coach" for Walmart from January 2018 to August 2022, testified that nobody had previously tripped over or complained of the rubber mat prior to Plaintiff's fall, which raises the same inference which a reasonable jury could rely on in concluding that Defendant placed the mat or at least knew it was there. (ECF No. 28-1 at p. 3; ECF No. 28-3 at p. 4). Accordingly, the Court cannot conclude as a matter of law that "There is *no evidence in this case whatsoever*" to suggest that Defendant created the allegedly hazardous condition and therefore that Defendant was required to have actual or constructive notice of the rubber mat. (ECF No. 25-1 at p. 6) (emphasis added).

The Court's analysis does not stop there, though. Even where "a plaintiff produces evidence sufficient that a reasonable jury could infer that the defendant created the danger . . . the Plaintiff must also show that the Defendant *negligently created the dangerous condition.*" *Altice*, 2007 WL 9782549 at *4 (emphasis added) (first citing *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 394–95 (1997), then citing 1 Dan B. Dobbs, *The Law of Torts* § 235, at 603 (2001)); *cf. Gentry v. Shop 'N Save Warehouse Foods, Inc.*, 708 F. Supp. 2d 733, 737 (C.D. Ill. 2010) ("The Plaintiffs can avoid the notice requirement only if they can establish that the mats were *negligently* placed on the floors by the agents of the Defendant, not merely by showing that they were placed by the agents of the Defendant.") (emphasis in original). In the specific context of alleging negligence from falling on a floormat, Maryland's high court has mandated that:

> Before the plaintiff [can] recover, it [is] necessary for her to show either that the damage was caused by the servants of the defendants negligently moving the mat so as to make [plaintiff] stumble and fall, or that the accident happened through a discoverable defect in the mat, not probably patent to the traveler, and that there was fault in the defendants not discovering the defect and removing or warning the traveler of it.

7

*Weidman v. Consolidated Gas, Elec. Light & Power Co.*, 158 Md. 39 (1930). Thus, judgment as a matter of law is appropriate in favor of a defendant only where the evidence "fails to show any negligence on the part of [the defendant(s)] in the selection, use, care, maintenance, or condition of the runner or mat over which plaintiff tripped." *Id.*

The only case which Plaintiff relies on to argue that "A reasonable jury can fan that this mat was a tripping hazard" is *Johnson v. LT Energy, LLC*, 368 Ga. App. 439 (2023). In *Johnson*, the Court of Appeals of Georgia found that a genuine issue of material fact existed as to whether the defendant negligently created a hazard by placing a mat "next to the store's exterior door but did not secure it to the floor." *Id.* at 441. The mat "could move around and sometimes there was a space between it and the threshold of the door" because employees constantly moved the mat on a daily basis. *Id.* The plaintiff was then injured when he stepped on the mat while shopping, which "was not flush against the threshold." *Id.* In finding that there was a genuine dispute over whether the defendant negligently utilized the mat resulting in the plaintiff's injuries, the court noted that (1) the defendant did not dispute that the mat was not secured to the floor at the time; (2) a video recording from a surveillance camera showed that, at the time of the plaintiff's fall, the mat was not flush with the threshold of the door; and (3) the video recording also showed that the edge of the mat was flipping up as the plaintiff used it. *Id.* at 442 (citing *Benefield v. Tominich*, 308 Ga. App. 605, 608 (2011)).

The facts that the Court of Appeals of Georgia relied upon in making the above determination are, to be sure, not all present in the case *sub judice*. Unlike the plaintiff in *Johnson*, there is no evidence here that the mat was not secured to the floor and there is no evidence that the edge of the mat was slipping, shifting, adjusting, or otherwise moving as Plaintiff attempted to step on it. However, there is some indication that the mat was not flush with the threshold of the

door, as Plaintiff provided photographs of the mat illustrating that the corner of the mat was elevated off the ground and protruding into the door frame. *See* (ECF No. 28-2 at pp. 1–3). Although these photographs were taken days after the accident, Plaintiff affirmed that the mat was in the same condition as when she fell the few days prior, which Defendant does not dispute. (ECF No. 25-2 at p. 8).

Viewing these facts and all inferences in favor of Plaintiff, the Court finds that Plaintiff has raised a genuine issue as to whether there was any negligence on the part of the Defendant in the placement and/or location of the mat. As noted above, Aborney provided the following deposition testimony:

> Q: Is the mat right next, adjacent to the door frame, or is it some ways in, as far as you remember?
>
> A: Like right, sits right at the door lip?
>
> Q: Yes.
>
> A: Is that what you said?
>
> Q: Yes, if it's –
>
> A: *No. It should be out.* That is a detail. I don't think I could remember that exact detail.

(ECF No. 28-3 at p. 4) (emphasis added). Plaintiff's photographs of the mat indicate that the mat was, in fact, right at the door lip and slightly elevated in one corner. (ECF No. 28-2). Thus, based on the evidence presented, the Court finds that a reasonable jury could conclude that Defendant improperly placed the mat at the entrance of the Auto Care Center, thereby raising a genuine issue as to whether the Defendant negligently caused Plaintiff's injuries through the use of its mat.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 25) is **DENIED**.  A separate order follows.


Date: October 3, 2023                                  /s/                    
                                                                J. Mark Coulson
                                                                United States Magistrate Judge